# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff below, Respondent**

**v.) No. 24-72** (Jackson County CC-18-2020-F-107 and CC-18-2023-F-5)

**Edward Dore Beckett Jr.,**
**Defendant below, Petitioner**

## MEMORANDUM DECISION

Petitioner Edward Dore Beckett Jr. appeals his convictions, as reflected in the January 12, 2024, sentencing order of the Circuit Court of Jackson County, on five counts of failure to register as a sex offender and one count of driving while his license was revoked for driving under the influence ("DUI"), third offense.[1] The petitioner argues that the circuit court abused its discretion in denying his motion to withdraw his guilty pleas before sentencing. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In October 2020, in Case No. 20-F-107, the grand jury indicted the petitioner on two counts of the offense of failure to register as a sex offender and one count of driving while license is revoked for DUI, third offense. In March 2021, the circuit court released the petitioner on bond. In April 2021, the State filed a motion to revoke the petitioner's bond because he failed to update his sex offender registration within three business days of his release, and the circuit court ordered the petitioner's arrest. Thereafter, the petitioner failed to appear for a previously-scheduled hearing on April 19, 2021, and was a fugitive for 488 days. The petitioner eventually surrendered to authorities in Ohio, and he was returned to West Virginia in August 2022.

In March 2023, in Case No. 23-F-5, the grand jury indicted the petitioner on fifteen counts of the offense of failure to register as a sex offender based upon his failure to register as a sex offender during the time that he was a fugitive. In August 2023, the parties reached a plea agreement regarding both Case No. 20-F-107 and Case No. 23-F-5. Specifically, the petitioner agreed to plead guilty to five counts of failure to register as a sex offender and to one count of driving while license is revoked for DUI, third offense. The State agreed to dismiss the remaining count of failure to register as a sex offender in Case No. 20-F-107 and the remaining eleven counts

---

[1] The petitioner appears by counsel Roger L. Lambert, and the State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

of failure to register as a sex offender in Case No. 23-F-5. The plea agreement provided that sentencing was in the sole discretion of the circuit court.

The circuit court held a plea hearing on August 15, 2023. In informing the circuit court of the terms of the plea agreement, the State noted that the sentence for failure to register as a sex offender was one to five years of incarceration and that the sentence for driving while license is revoked for DUI, third offense, was a mandatory sentence of one to three years of incarceration. The circuit court asked the petitioner if the State's recitation of the plea agreement's terms was correct. The petitioner responded affirmatively and indicated that he wanted to move forward with the plea agreement. The petitioner also affirmed that he was thinking clearly, that he was competent to enter into the plea agreement, and that he understood the nature of the charges and the elements and maximum penalties of each offense. The petitioner also answered affirmatively when asked if his counsel reviewed the entire agreement with him before he signed it. The petitioner indicated that no one promised him anything that was not set forth in the plea agreement and that he understood that he could be sentenced to consecutive terms of incarceration. The petitioner stated that he did not have questions regarding the plea agreement, the waiver of his constitutional rights, or the circuit court's sentencing options. Thereafter, the petitioner pleaded guilty to five counts of failure to register as a sex offender and one count of driving while license is revoked for DUI, third offense. The petitioner affirmed that his guilty pleas were freely, voluntarily, and intelligently given. The petitioner made no objection to the State's reliance on its discovery submission, which included police reports and witness statements, to provide the factual bases for his guilty pleas, and he affirmed that his counsel had reviewed the discovery materials with him. The petitioner indicated that counsel answered any questions he might have had regarding discovery. Based upon both the State's discovery and his personal knowledge of his cases, the petitioner answered that the State could prove his guilt. Therefore, the circuit court concluded that the record supported the petitioner's guilty pleas and that he entered the pleas freely, voluntarily, and intelligently.

After the plea hearing, the petitioner, as a self-represented litigant, filed a motion to withdraw his guilty pleas, and his counsel filed a motion to withdraw from the case. The circuit court granted counsel's motion to withdraw and appointed new counsel for the petitioner. The circuit court ordered the preparation of the plea hearing transcript, and the parties briefed the issue of whether the petitioner should be allowed to withdraw his guilty pleas. In his brief, the petitioner argued that (1) his former counsel failed to adequately advise him of the consequences of his guilty pleas and promised that he would be sentenced to probation, and (2) the record did not contain a sufficient factual basis to support his guilty plea to driving while license is revoked for DUI, third offense. The circuit court denied the petitioner's motion to withdraw his guilty pleas in a November 17, 2023, order. The circuit court found that based upon the petitioner's answers during the plea colloquy, he wanted to enter into the plea agreement and knew both the agreement's terms and the maximum sentences of the offenses to which he pleaded guilty. The circuit court further found that the petitioner affirmed that the State could prove his guilt based upon the discovery materials regarding driving while license is revoked for DUI, third offense. Accordingly, the circuit court concluded that, because the petitioner's allegations supporting the motion to withdraw the guilty pleas were contradicted by his testimony at the plea hearing, "the [petitioner] has not shown a fair and just reason" to withdraw his guilty pleas. Thereafter, on January 2, 2024, the circuit court sentenced the petitioner to consecutive terms of one to five years of incarceration for each of his

2

five convictions for failure to register as a sex offender and to one to three years of incarceration for driving while license is revoked for DUI, third offense, which the court made concurrent to the other sentences.

The petitioner appeals his convictions by challenging the circuit court's denial of his motion to withdraw his guilty pleas. Rule 32(e) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." But "a defendant has no absolute right to withdraw a guilty plea before sentencing," and we review a circuit court's decision on a motion to withdraw only for an abuse of discretion. Syl. Pt. 1, in part, *State v. Page*, No. 23-469, 2026 WL 1382897 (W. Va. May 18, 2026) (quoting Syl. Pt. 2, in part, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990)).

On appeal, the petitioner argues that the circuit court erred in finding that he failed to show fair and just reason to allow the withdrawal of his guilty pleas because his former counsel failed to adequately advise him of the consequences of his guilty pleas and promised that he would be sentenced to probation. In Syllabus Point 4 of *Page*, we held that:

> To determine whether a defendant has presented a fair and just reason to withdraw a guilty plea pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure, a court should consider the totality of the circumstances and this non-exhaustive list of factors: (1) whether the defendant knowingly and voluntarily pleaded guilty; (2) whether the defendant asserts innocence; (3) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; *(4) whether the defendant received competent assistance of counsel in making the decision to plead guilty*; (5) potential prejudice to the government, including whether the government opposes the motion to withdraw; and (6) whether withdrawing the plea will waste judicial resources. No one factor controls and the relevance of each factor will vary according to the circumstances surrounding the entry of the plea and the motion to withdraw.

2026 WL 1382897, at *1 (emphasis added). This Court in *Page* reversed the denial of the defendant's motion to withdraw his guilty plea and remanded the case for an analysis of the factors set forth in Syllabus Point Four after the circuit court erroneously concluded that it had no discretion to allow the defendant to withdraw the guilty plea given the nature of the plea agreement involved. *Id.* at *5. This case is distinguishable because the circuit court here did not mistakenly determine that it was precluded from granting the petitioner's motion to withdraw his guilty pleas.

In exercising its discretion to deny the petitioner's motion, the circuit court determined that the petitioner failed to show a fair and just reason to withdraw the guilty pleas. After reviewing the petitioner's testimony at the plea hearing, the circuit court found that (1) the petitioner's guilty pleas were knowing and voluntary, and (2) the petitioner was not credibly asserting his innocence regarding driving while license is revoked for DUI, third offense. As the petitioner concedes, he testified that his former counsel appropriately advised him regarding the charges, maximum penalties, the plea agreement, and the State's discovery, which was used to provide the factual basis for his guilty pleas. The petitioner further concedes that he "does not dispute the accuracy of

3

the [plea hearing] transcript." Not only did the circuit court have the benefit of the transcript but also observed the petitioner's demeanor while he was testifying during the plea colloquy.[2] *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (judging a witness's credibility exclusively belongs to the finder of fact). Therefore, we conclude that the circuit court did not abuse its discretion in denying the petitioner's motion to withdraw the guilty pleas.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 29, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice James W. Flanigan

**DISSENTING:**

Justice Charles S. Trump IV
Justice H. L. Kirkpatrick

Trump, Justice, dissenting and joined by Kirkpatrick, Justice:

In my separate opinion in *State v. Page*, No. 23-469, ___ W. Va. ___, ___, ___S.E.2d.___, ___, 2026 WL 1382897, at *15 (May 18, 2026) (Trump, J., concurring in part and dissenting in part), I explained my view that until a circuit court accepts a plea of guilty, the provisions of West Virginia Rule of Criminal Procedure Rule 32(e) do not apply, and a defendant should be permitted to withdraw the plea of guilty for any or no reason. This approach is consistent with the federal rules of criminal procedure. *See id.* (emphasis deleted) ("Federal Rule 11(d) now provides that "[a] defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason[.]").

---

[2] Pursuant to *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), the purpose of the plea colloquy is to ensure the voluntariness of a defendant's guilty pleas and to confirm the defendant's knowledge of his constitutional rights, including the right to consult counsel and the right to put the State to its burden of proving its case beyond reasonable doubt. *See id.* at 191-92, 220 S.E.2d at 667, Syl. Pt. 3.

4

In the case at bar, the Petitioner sought to withdraw his guilty pleas before they were accepted by the circuit court. During the plea hearing of August 15, 2023, the circuit court withheld formal acceptance or rejection of the Petitioner's guilty pleas until the sentencing hearing it set for September 25, 2023. On August 24, 2023, the Petitioner filed a self-represented motion to withdraw his guilty pleas. The Petitioner sought to withdraw his guilty pleas before the circuit court had accepted them. Consistent with the position I articulated in my separate opinion in *Page*, I believe that the Petitioner in the present case was entitled to withdraw his guilty pleas and that the circuit court erred in refusing to permit the withdrawal of the Petitioner's guilty pleas. Thus, I would reverse the circuit court. Consequently, I respectfully dissent from the memorandum decision.

I am authorized to state that Justice Kirkpatrick joins in this dissent.